```
 1  CASONDRA K. RUGA (SBN 237597)
    ALSTON & BIRD LLP
 2  333 South Hope Street
    Sixteenth Floor
 3  Los Angeles, California 90071
    Telephone:  (213) 576-1000
 4  Facsimile:   (213) 576-1100
    E-mail: casondra.ruga@alston.com
 5
    LARRY C. JONES (Admitted Pro Hac Vice)
 6  ALSTON & BIRD LLP
    101 South Tryon Street, Suite 4000
 7  Charlotte, North Carolina 28280-4000
    Telephone:  (704) 444-1019
 8  Facsimile:   (704) 444-1759           NOTE CHANGES MADE BY THE COURT
    E-mail: larry.jones@alston.com
 9
    Attorneys for Plaintiffs,
10  GAKM RESOURCES LLC and
    GOLDTOEMORETZ, LLC
11
12
13                    UNITED STATES DISTRICT COURT
14                   CENTRAL DISTRICT OF CALIFORNIA
15
16  GAKM RESOURCES LLC and
    GOLDTOEMORETZ, LLC,          Case No.:  CV10-4979 RSWL (PJWx)
17
18       Plaintiffs,
                                 [PROPOSED] PROTECTIVE
19       v.                      ORDER
20  GARMENT GROUP, INC.,
21       Defendant.
22
```

*Handwritten note by the Court:*

Note changes to proposed order, i.e., ¶ 10.

Under seal filings are governed by Local Rule 79-5.

PJW

---

LEGAL02/32173489v1              1
                         [PROPOSED] PROTECTIVE ORDER

**GOOD CAUSE EXISTS FOR THIS ORDER:** This action involves a claim of trademark infringement, and the parties anticipate that some of the documents and information solicited in discovery, including discovery directed to third-parties, may be particularly sensitive, confidential and proprietary in nature and relating, for example, to sales volumes pertaining to particular products, revenues generated by such sales, etc. Such non-public information and documents should be protected from unnecessary disclosure and require special protection from disclosure pursuant to Rule 26(c), F.R.Civ.P.

THUS, WHEREAS certain information, documents and things that contain trade secrets or other confidential business or other commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands; and

WHEREAS, it would serve the interests of the parties and participating nonparties to conduct this proceeding and discovery herein under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED THAT:

1. This order (the "Protective Order") shall apply to all information, documents and things designated CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY by the parties or nonparty witnesses as provided in this Protective Order.

2. As used herein "Confidential Information" is information concerning the business operations, processes, and technical and development information of a party or nonparty, the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to another person or to a Court. Such information includes, but is not limited to, any information, documents and things that contain confidential research, development, financial, technical, sales, or commercial information including, but not limited to,

LEGAL02/32173489v1        [PROPOSED] PROTECTIVE ORDER
2

trade secrets. Information is not Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential if a person lawfully obtained it independently of this litigation.

3. Each affidavit or portion thereof, each deposition transcript or portion thereof, each discovery response or portion thereof, each document or portion thereof, each thing or portion thereof, which is deemed by a party or by a nonparty witness producing same to disclose Confidential Information will be so identified and labeled CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY as follows:

    a. A party and/or nonparty witness may designate information or material CONFIDENTIAL only if it, in concurrence with its counsel, if it has counsel, in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 of the Federal Rules of Civil Procedure. A party and/or nonparty witness may designate information or material CONFIDENTIAL/ATTORNEYS' EYES ONLY only if it, in concurrence with its counsel, if it has counsel, in good faith deems that such disclosure should be further limited as required by this Protective Order.

    b. In the case of information or material voluntarily disclosed in these proceedings or disclosed as a result of discovery, the producing entity may identify and mark Confidential Information at the time when an affidavit, pleading or memoranda is served, when a discovery response is served, when a copy of a document is provided, or at the time of the inspection of the premises or thing.

    c. In the case of a deposition transcript, the designating entity shall advise counsel of the specific pages and exhibits to be maintained in confidence within ten (10) business days after its actual receipt of the transcript. The entity asserting confidentiality shall mark the specific pages and exhibits so designated

CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY and shall send a list and/or copy of such designated pages to the parties and the Court Reporter who shall conform all copies of the material in their possession to reflect such confidentiality designation and shall re-bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

A party or nonparty deponent may also designate testimony or exhibits as Confidential Information during a deposition, a hearing or at trial by so stating on the record either at the commencement of the proceeding or at any time during the proceeding, in which event all persons who are not entitled to be privy to Confidential Information pursuant to Paragraph 5 hereof shall be excluded from those portions of the proceeding at which such information is disclosed. In the event that testimony or exhibits are designated as Confidential Information during a proceeding, the Court Reporter shall transcribe separately and bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

4. Inadvertent failure to designate Confidential Information as such prior to disclosure, production or response will not prevent a subsequent confidentiality designation by letter promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt of the letter shall not be a violation of this Protective Order.

5. Until and unless the Court rules that any material so identified as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY is not, in fact,

confidential and should be disclosed beyond the limits permitted by this Protective Order, access, copying or dissemination of information, documents and things so identified shall be limited to:

    a.    Outside counsel of record and their partners, associates and of counsel attorneys, and outside counsel of record's employees who are not also employees of the parties or their affiliates, including stenographic, clerical and paralegal employees, whose functions require access to such Confidential Information;

    b.    Independent experts or consultants for any party and their clerical personnel who are not employees of the parties or their affiliates and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with this action, provided that such persons have agreed in writing, before such access is given, to be bound by the terms of this Protective Order and provided, further, that each party shall keep a record of all Confidential Information that it discloses to any expert or consultant, and provided, further, that if any such person is, or is employed by, a direct competitor of the designating entity or is affiliated with any enterprise that is in a position to commercially exploit information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY (hereinafter an "Expert Competitor"), then the party seeking to disclose information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY to the Expert Competitor must deliver written notice to the designating entity of its desire to do so at least five (5) business days before making disclosure to the Expert Competitor. During this period, the recipient of such notice may object to the disclosure of all or any portion of the information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY to the Expert Competitor. In the event of such objection, the designating entity and the party seeking to disclose information to an Expert Competitor shall attempt in good faith to

negotiate a stipulation to delineate what information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY may be disclosed to the particular Expert Competitor and the circumstances under which such disclosure may be made. If they cannot agree, the party seeking to disclose information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY to the Expert Competitor shall not do so without first obtaining Court approval pursuant to Paragraph 11 hereof. In determining whether to categorize a person as an Expert Competitor for purposes of this paragraph, counsel shall exercise reasonable judgment as to whether any enterprise with which such person is known to be affiliated is in a position to commercially exploit information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY;

    c.    The Court and its officers (including Court Reporters);

    d.    Witnesses for deposition and counsel for such witnesses in the course of a deposition or, following the issuance of a notice to take the deposition of a witness, in preparation for such witness's deposition; provided that, the party making such disclosure to a witness in preparation for the witness's deposition shall keep a record of the Confidential Information disclosed to such witness and provided, further, that in advance of the disclosure of information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY, the party seeking to disclose such information shall so inform the entity who designated the information as confidential and such designating entity shall be entitled to object to the disclosure, in which event they shall attempt in good faith to negotiate a stipulation to delineate what information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY may be disclosed to the particular witness and the circumstances under which such disclosure may be made. If the parties cannot agree, the party seeking to disclose the information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY at or in preparation of a witness for a

1  deposition shall not do so without first obtaining Court approval pursuant to
2  Paragraph 11 hereof;

3    e.    The parties to this action and their affiliates, including their in-
4  house counsel, except for documents and things marked by the producing party
5  CONFIDENTIAL/ATTORNEYS' EYES ONLY; and

6    f.    any other person that the parties hereto and, if appropriate, the
7  designating nonparty, agree to in writing.

8  Any person to whom disclosure will be made pursuant to Paragraphs 5(b), (d)
9  or (f) of this Protective Order shall be given in advance a copy of this Protective Order
10 and shall acknowledge that he or she is subject to the terms of this Protective Order by
11 executing the recital in the form attached here as Exhibit A. Counsel for each party
12 shall maintain copies of executed recitals with respect to all persons described in
13 Paragraphs 5(b), (d) or (f) to whom counsel has disclosed or exhibited any
14 Confidential Information.

15   6.    Absent Court order, Confidential Information bearing a label specified in
16 Paragraph 3 hereof shall not be made public by a party or witness to whom it is
17 disclosed, unless it becomes a part of the public record of this action.

18   7.    No Confidential Information may be included in a document publicly
19 filed with the Court (including documents filed electronically) unless the Court so
20 orders. If a party obtains permission to file a document under seal, it must also
21 (unless excused by the Court) file a public-record version that excludes any
22 Confidential Information. Any document filed under seal must be accompanied by a
23 cover sheet disclosing: (i) the caption of the case, including the case number; (ii) the
24 name of the document, if it can be disclosed publicly, otherwise an appropriate title by
25 which the document may be identified on the public docket; (iii) the name, address
26 and telephone number of the person filing the document; and (iv) in the event the
27 motion requesting the document be filed under seal does not accompany the
28

document, the cover sheet must set forth the citation of the statute or rule or the date of the Court order authorizing filing under seal.

8.  This Protective Order shall not foreclose any of the parties or any interested member of the public from moving this Court for an order that materials bearing a label specified in Paragraph 3 hereof are, in fact, not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure or that Confidential Information designated as CONFIDENTIAL/ATTORNEYS' EYES ONLY should be reclassified as CONFIDENTIAL only or that materials voluntarily disclosed by a party or nonparty in these proceedings should not be subject to the protections of this Protective Order.  In addition to service on the parties, a copy of any such motion shall be served on any nonparty who designated the materials at issue as Confidential Information, and such nonparty shall have standing to oppose such motion before the Court.  On such motion, the entity asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure and/or that disclosure of the material should be restricted.  Nothing contained herein shall preclude a party or nonparty witness from (a) using or disseminating its own Confidential Information in any way; (b) disclosing information taken from a document marked CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY to any person who on the face of that document is shown as having previously received the document; (c) disclosing information which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no obligation to the party or nonparty witness which is the source of said information or which is, or at any time hereafter becomes, available to the public, or which, after access is gained through disclosure in this action, is at any time obtained by the recipient from any other person, firm or company having no obligation to or relationship with the source of said information; or (d) waiving any provision in this

1  Protective Order with respect to any Confidential Information designated by it without
2  further order of the Court.

3  9. This Protective Order shall not prevent any of the parties or nonparty
4  witnesses from applying to the Court for relief herefrom or from applying to the Court
5  for further or additional protective orders, or from agreeing between themselves to
6  modification of this Protective Order, subject to the approval of the Court.

7  10. ~~When Confidential Information or other documents containing such
8  information are presented, quoted or referenced in any hearing, trial or other
9  proceeding, counsel of record for the offering party shall make arrangements or, when
10 appropriate, request that the Court make arrangements, to ensure that, consistent with
11 applicable legal restraints, only persons entitled to receive Confidential Information
12 are present during such presentation, quotation or reference.~~

13 11. In the event that a party shall desire to provide access to Confidential
14 Information hereunder to any person or category of persons not included in Paragraph
15 5 hereof, it shall move this Court for an order that such person or category of persons
16 may be given access to the Confidential Information. In the event that the motion is
17 granted, such person or category of persons may have access to the Confidential
18 Information provided that such person or persons have agreed in writing, before such
19 access is given, to be bound by the terms of this Protective Order.

20 12. After final termination of this case, receiving counsel shall return all
21 copies and samples of Confidential Information in its possession, custody or control to
22 the party or nonparty (or its counsel) who has provided them or certify destruction
23 thereof.

24 13. Inadvertent production of any document, thing or other information
25 during discovery in this action shall be without prejudice to any claim that such
26 material is privileged in any way or protected from discovery as attorney work-
27 product, and no party or nonparty witness shall be held to have waived any rights by
28

such inadvertent production. The producing entity shall assert any such privilege or work-product claim promptly upon discovery of its inadvertent production by notifying the recipient of the document of its claim in writing or orally at a deposition or other hearing of record. Upon receipt of such notice, the recipient shall return all copies of the document or information to the producing entity. Such document or information shall not be introduced into evidence in this or any other proceeding by any person without consent of the producing entity or by order of the Court, nor will such document or information be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

14. In the event that a party or nonparty witness to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed person") produce information, documents, things or other materials that have been designated as Confidential Information, the subpoenaed person shall promptly notify the designating party or nonparty of the demand. If the designating party or nonparty elects to resist production of the materials, it shall promptly so notify the subpoenaed person and the latter shall cooperate in affording the designating party or nonparty the opportunity to oppose or limit production of the materials; provided that the designating party or nonparty shall bear all expenses, including attorneys' fees, incurred by the subpoenaed person in connection therewith.

15. This Protective Order shall survive the final determination of this action and shall remain in full force and effect, for a period of one year, after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

IT IS SO ORDERED:

9/27, 2010

*/s/ Patrick J. Walsh*

Hon. ~~Ronald S. W. Lew~~ PATRICK J. WALSH
United States District Court Judge

1  Respectfully stipulated to and submitted by:

2

3  DATED: September 23, 2010        CASONDRA K. RUGA
                                    LARRY C. JONES
4                                   **ALSTON & BIRD LLP**

5
                                    /s/ Casondra K. Ruga
6                                   Casondra K. Ruga
                                    Attorneys for Plaintiffs
7
                                    GAKM RESOURCES LLC and
8                                   GOLDTOEMORETZ, LLC

9

10 DATED: September 23, 2010        JEFFREY I. ABRAMS
                                    **WOLF, RIFKIN, SHAPIRO, SCHULMAN &
11                                  RABKIN, LLP**

12

13                                  /s/ Jeffrey I. Abrams
                                    Jeffrey I. Abrams
14                                  Attorneys for Defendant

15                                  GARMENT GROUP, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL02/32173489v1          11
                        [PROPOSED] PROTECTIVE ORDER

# Exhibit A

1. I, _____, have read the foregoing Protective Order governing treatment of Confidential Information, dated _____, 2010, and agree to be bound by its terms with respect to any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY that are furnished to me as set forth in the Protective Order.

2. I further agree (a) not to disclose to anyone information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY other than as set forth in the Protective Order; and (b) not to make any copies of any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY furnished to me except in accordance with the Protective Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce the terms of the Protective Order.

4. I hereby agree that any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY furnished to me will be used by me only for the purposes of the action entitled *GAKM Resources LLC, et al v. Garment Group, Inc.*, Civil Action No. 10cv4979 pending in the United States District Court for the Central District of California, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

LEGAL02/32173489v1            12
                    [PROPOSED] PROTECTIVE ORDER

1  Dated this the ___ day of _____, 20__

3           By: _____
                    *[Signature]*

                _____
                    *[Printed Name]*